UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS RUSK, | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
|   v. | )   Case No. 22-cv-1133 |
| | ) |
| SMITH, *et al.*, | ) |
| | ) |
|      **Defendants.** | ) |

## ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment regarding exhaustion of administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 18); Plaintiff's Motion for Leave to File Amended Complaint (Doc. 27); and Plaintiff's Motion to Submit Evidence (Doc. 30). For the reasons stated below, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Leave to File Amended Complaint and Motion to Submit Evidence are DENIED.

## PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants Smith and Owens violated his constitutional rights while he was detained in the Peoria County Jail ("Jail") by placing him on disciplinary lock back due to his mental illness and need for medications from October 6, 2021 through May 14, 2022. (Docs. 1 and 9). Plaintiff alleged he was confined to his cell for twenty-three hours a day and was only allowed out to use the shower and phone. *Id.* At merit review, the Court found that Plaintiff stated a conditions-of-confinement claim against Defendants. (Doc. 9 at p. 2).

On March 23, 2023, Defendants filed a Motion for Summary Judgment asserting that Plaintiff failed to exhaust his administrative remedies because the grievances he filed did not name

Defendants or relate to the allegations in this case. (Doc. 18). Plaintiff filed a response on March 31, 2023. (Doc. 24). Defendants did not file a reply.

More than two months after Defendants filed their Motion for Summary Judgment, Plaintiff filed a Motion for Leave to File Amended Complaint on June 9, 2023. (Doc. 27).

On September 11, 2023, Plaintiff filed a Motion to Submit Evidence asking to file medical records from Jacksonville Correctional Center as evidence to support his claims. (Doc. 30). This Order now follows.

## MATERIAL FACTS

Plaintiff was booked into the Jail on August 2020 and again on October 6, 2021. (Doc. 19-1 at ¶ 5). According to Carmisha Turner, the Jail's Corrections Superintendent, Plaintiff was provided a copy of a document entitled, "Inmate Rules, Regulations, and Information" ("Inmate Handbook"). *Id.* at ¶ 6.

Plaintiff disputes that he received a copy of the Inmate Handbook. Plaintiff states: "No one gets one. They have no proof of me signing for a rule book or camera footage showing that they gave me one." (Doc. 24 at p. 1).

The Inmate Handbook advises inmates about the Jail's policies and procedures regarding grievances, complaints, and appeals. (Doc. 19-2 at p. 10). These policies and procedures were in effect during the relevant time period.

The Inmate Handbook included the Jail's administrative grievance procedures:

**INMATE COMPLAINTS**
  A. Complaint limitations – Complaints are only valid if they allege that services are substandard or that a rule, regulation, or officers' conduct is improper.
  B. Filing of a Complaint – All complaints must be submitted on the kiosk in the grievance section within five days of the alleged incident.
  C. Response to Complaints – All complaints will be answered by the designated staff member.
  D. Appeals – An inmate not satisfied with the response to a complaint may, by submitting a kiosk grievance, ask that the answer be reviewed by the Correctional

> Superintendent or his designee within five days of the response. If still not satisfied with the response to a complaint after being reviewed by the Correctional Superintendent or his designee the inmate shall forward his or her complaint to the Illinois Office of Jail and Detention Standards.

*Id.* Plaintiff had access to the kiosk system during the relevant time period, where he could submit grievances or complaints regarding issues in the Jail or medical and mental health issues.

Plaintiff submitted ten grievances related to Jail and medical issues between October 2021 and May 2022. (Doc. 19-3). Plaintiff's grievances or complaints related largely to his requests for medications. *Id.* Plaintiff did not submit any grievances or complaints related to his housing or alleged lock back status. *Id.* None of Plaintiff's grievances mention either Defendant Smith or Owens by name. *Id.*

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's "favor toward the nonmoving party does not extend to drawing 'inferences that are only supported by speculation or conjecture.'" *Id*. In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001)

(internal citation omitted). Plaintiff is the non-moving party, and the evidence and all reasonable inferences are viewed in the light most favorable to him. *Anderson*, 477 U.S. at 255.

## EXHAUSTION STANDARD

The PLRA prohibits prisoners from filing lawsuits pursuant to § 1983 "until such administrative remedies as are available are exhausted." § 1997e(a); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (pretrial detainees are "prisoners" for purposes of the PLRA). Exhaustion of administrative remedies under § 1997e is a condition precedent to suit, *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 2009), and applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies is an affirmative defense; the defendants have the burden of proving the inmate had available remedies he did not utilize. *See e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 665 (7th Cir. 2004). Therefore, a lawsuit filed by a prisoner before he exhausted his administrative remedies must be dismissed because the district court lacks the discretion to resolve the claim on the merits. *Perez*, 182 F.3d at 535; *see also Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005). Unless an inmate completes the administrative process by following the rules the jail has established, exhaustion has not occurred. *Pozo*, 286 F.3d at 1023. Exhaustion means completing all stages of the process in a timely and proper manner. *Id*. at 1024.

An inmate cannot satisfy the requirements under § 1997e by filing an untimely or otherwise procedurally defective grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).

## ANALYSIS

### I.    Defendants' Motion for Summary Judgment

Plaintiff was booked into the Jail in August 2020 and sent for mental health treatment for several months. (Doc. 19-1 at ¶ 5). He returned to the Jail October 6, 2021. *Id.* On October 9, 2021, Plaintiff was placed in the mental health housing block. *Id.* at ¶ 9. According to Superintendent Turner, Plaintiff had time outside his cell every day to use the showers, phones, and kiosk system. *Id.* at ¶ 11.

In his Complaint, Plaintiff alleges that he was placed in disciplinary lock back status due to his mental illness and need for medications from October 6, 2021 through May 14, 2022, and during this time period, Defendants allegedly subjected him to inhumane conditions of confinement by limiting his out-of-cell time. (Doc. 9 at p. 1).

In their Motion for Summary Judgment, Defendants argue that Plaintiff failed to exhaust his administrative remedies because none of his grievances mention Defendants or pertain to the allegations in this case. (Doc. 19). From October 2021 through May 2022, Plaintiff submitted ten grievances through the Jail's kiosk system. (Doc. 19-3). None of the grievances related to his housing and alleged disciplinary lock back or mentioned Defendants. *Id.*

In his response, Plaintiff asserts he did not receive a copy of the Inmate Handbook. (Doc. 24 at p. 1). He also argues that he "was not doing the best mental[l]y as [he] was not get[t]ing [his] medication." *Id.* Plaintiff states he suffers from a schizoaffective disorder, which causes PTSD, insomnia, and depression. *Id.* Plaintiff does not dispute that he failed to file a grievance or complaint naming Defendants or pertaining to their alleged conduct.

Based on the number of grievances he submitted, the evidence shows that Plaintiff was familiar with the Jail's grievance procedures, the grievance process was available to him, and his mental illness did not prevent him from utilizing the grievance process. *See Link v. Hood*, 2022 WL 255409, at *4 (S.D. Ill. Jan. 27, 2022) (finding that Plaintiff was familiar with and had access to the grievance process); *Ramirez v. Young*, 906 F.3d 530, 535 (7th Cir. 2018) ("The PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long as the prison has taken reasonable steps to inform that inmates about the required procedures."). The evidence shows that Plaintiff had access to the kiosk and submitted many grievances. (Doc. 19-3).

Plaintiff filed ten grievances during the relevant time period, but none of his grievances mentioned Defendants or their alleged conduct. *Id.* A grievance must contain sufficient information to alert the facility about "the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). A plaintiff who does not provide this necessary information fails to exhaust. *See Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) (plaintiff failed to exhaust where he did not identify defendants "by name or inference"); *see also Woods v. Schmeltz*, 2014 WL 3490569, at *4 (C.D. Ill. July 14, 2014) (plaintiff must provide enough information for "the prison to determine which of its employees were involved in the incidents…"). The Court finds that the undisputed material facts show that Plaintiff did not exhaust his administrative remedies before filing suit. Therefore, Defendants' Motion for Summary Judgment is granted.

II.    **Plaintiff's Motion for Leave to File Amended Complaint**

More than two months after Defendants filed their Motion for Summary Judgment, Plaintiff filed a Motion for Leave to File Amended Complaint, a proposed Amended Complaint,

6

and accompanying exhibits on June 9, 2023. (Docs. 27 and 27-1). Plaintiff requests leave to amend his Complaint to (1) add Sheriff Brian Asbell as a Defendant; (2) correct the length of time he was locked in his cell; (3) correct the relevant time period, which he now claims was August 7, 2020, through April 7, 2021; and (4) include additional allegations about being denied a toenail clippers and clean laundry. *Id.*

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be given freely, when justice so requires. *See* FED. R. CIV. P. 15(a)(2). The time allowed for amendments has passed. (Doc. 17 at p. 2). As a result, Plaintiff's motion is reviewed under the "heightened good-cause standard of Rule 16(b)(4)." *Brehmer v. Dittman*, No. 13-0888, 2014 WL 3404977, at *9 (E.D. Wis. July 10, 2014) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Id.* at 720. In determining whether there is good cause to allow the amendment, the Court is to consider "the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Here, Plaintiff's motion is futile. He alleges that Defendants Smith and Owens, along with former Peoria County Sheriff Brian Asbell, violated his constitutional rights because they "[k]new what was taking place but never did anything about it." (Doc. 27-1 at p. 2). It appears that Plaintiff is trying to hold Sheriff Asbell liable because he was in a supervisory position. However, liability under § 1983 is based on personal responsibility, and Sheriff Asbell cannot be held liable for the alleged misdeeds of Jail staff simply because of his supervisory role. *See Mitchell v. Kallas*, 895

7

F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Plaintiff's allegations against Sheriff Asbell are too tenuous for the Court to conclude that he was subjectively aware that Plaintiff was at risk of harm and that he condoned, facilitated, or turned a blind eye to the risk. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff's Amended Complaint fails to state a constitutional claim against Sheriff Asbell.

Moreover, the grievances records attached to Plaintiff's Amended Complaint do not solve the issues raised in Defendants' Motion for Summary Judgment. The grievances Plaintiff filed in August 2020, do not name or identify the Defendants. (Doc. 27-1 at pp. 4-9).

In addition, Plaintiff's motion is unduly delayed and prejudicial to Defendants. "District courts have wide discretion to deny leave to amend a pleading where there is evidence of undue delay and prejudice to the non-movants." *Figgs v. Geo Group, Inc.*, 2019 WL 7584297, at *9 (S.D. Ind. Dec. 12, 2019). Plaintiff provided no explanation for why he only recently discovered the information in his Amended Complaint. The Seventh has found that leave to amend is properly denied when parties offered no explanation for their lapse. *Kleinhans v. Lisle Sav. Profit Sharing Tr.*, 810 F.2d 618, 625-26 (7th Cir. 1987).

Plaintiff was aware of his need to exhaust his administrative remedies before filing suit – as evidenced by the allegations in his initial Complaint that he had exhausted his administrative remedies. (Doc. 1 at p. 4). Yet, despite being aware of the issues for months, Plaintiff did not file his Motion for Leave to File Amended Complaint until Defendants' Motion for Summary Judgment had been pending for over two months. "The Seventh Circuit has previously held that when leave to amend is sought to avoid the defendant's pending summary judgment motion, there

is no trouble finding prejudice to the defendant. *Figgs*, 2019 WL 7584297, at *9 (citing *Johnson v. Methodist Med. Ctr. of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993). Plaintiff's Motion for Leave to File Amended Complaint is denied, as it is futile, unduly delayed, and prejudicial.

Based on the dismissal of this case, Plaintiff's Motion to Submit Evidence requesting to file medical records from Jacksonville Correctional Center is denied. (Doc. 30). Furthermore, the Court will not accept piecemeal exhibits. *See Spreck v. U.S. Veterans Admin.*, 67 F. App'x 963, 964 (7th Cir. 2003) (Courts are "not required to incorporate [a plaintiff's] revised caption into an earlier submitted complaint and accept the complaint piecemeal").

**IT IS THEREFORE ORDERED:**

**1) Defendants' Motion for Summary Judgment [18] is GRANTED based on Plaintiff's failure to exhaust his administrative remedies. Defendants are DISMISSED without prejudice. Plaintiff takes nothing. The parties will bear their own costs. The Clerk is directed to enter judgment and close this case.**

**2) Plaintiff's Motion for Leave to File Amended Complaint [27] is DENIED.**

**3) Plaintiff's Motion to Submit Evidence [30] is DENIED.**

**4) Although this case has been dismissed, Plaintiff remains responsible for the reminder for the $350 filing fee. (d/e 4/25/2022).**

**5) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. F**ED**. R. A**PP**. P. 4(a). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* F**ED**. R. A**PP**. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

ENTERED: 10/25/2023

                                              s/ James E. Shadid
                                              James E. Shadid
                                              United States District Judge